Jeffrey D. Wolfe, Bar # 025386
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@maceybankruptcylaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Gary Hudgins | Case No. |
|      Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Cavalry Portfolio Services, LLC | |
|      Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Phoenix, AZ at all times relevant to this action.

2. Defendant is a Delaware limited liability company that maintained its principal place of business in Phoenix, AZ at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5.  At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7.  The principal source of Defendant's revenue is debt collection.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Ford Credit, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around April 26, 2011, Plaintiff sent Defendant a letter by certified mail.

14. Plaintiff's letter stated that Plaintiff disputed the debt and instructed Defendant to cease further communication with Plaintiff regarding the debt.

15. Defendant received Plaintiff's letter on or around May 4, 2011.

16. Despite receipt of Plaintiff's letter, Defendant sent Plaintiff a letter in connection with the collection of the debt on May 16, 2011.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## <u>COUNT ONE</u>

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

20. In support hereof, Plaintiff incorporates paragraphs 13-16 as if specifically stated herein.

### JURY DEMAND

21. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

    a.   Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUTPCY LAW,

By: */s/ Jeffrey D. Wolfe*
Jeffrey D. Wolfe, Bar # 025836
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@maceybankruptcylaw.com
*Attorney for Plaintiff*